UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

JUN 2 3 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-390-GWU

CURTIS MORGAN,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

### INTRODUCTION

The plaintiff originally brought <u>Morgan v. Barnhart</u>, London Civil Action

Number 02-532 (E.D. Ky.) to challenge a decision of the Commissioner of Social

Security denying his application for Disability Insurance Benefits (DIB). After a

period of reconsideration prompted by the Court's remand of January 29, 2004 (Tr.

442-56), the case is once again before the Court on cross-motions for summary

judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity?
      If yes, the claimant is not disabled. If no, proceed to Step 2.
      <u>See</u> 20 CFR 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical
      or mental impairment(s)? If yes, proceed to Step 3. If no, the
      claimant is not disabled. <u>See</u> 20 CFR 404.1508, 416.908.

1

Morgan

3.      Does the claimant have any severe impairment(s)--i.e., any
        impairment(s) significantly limiting the claimant's physical or
        mental ability to do basic work activities?  If yes, proceed to
        Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 CFR
        404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result
        in death or last for a continuous period of at least 12 months?
        If yes, proceed to Step 5.  If no, the claimant is not disabled.
        <u>See</u> 20 CFR 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of
        impairments meeting or equaling in severity an impairment
        listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of
        Impairments)?  If yes, the claimant is disabled.  If no, proceed
        to Step 6.  <u>See</u> 20 CFR 404.1520(d), 404.1526(a), 416.920(d),
        416.926(a).

6.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity and the physical and mental
        demands of the work he has done in the past, still perform this
        kind of past relevant work?  If yes, the claimant was not
        disabled.  If no, proceed to Step 7.  <u>See</u> 20 CFR 404.1520(e),
        416.920(e).

7.      Can the claimant, despite his impairment(s), considering his
        residual functional capacity, age, education, and past work
        experience, do other work--i.e., any other substantial gainful
        activity which exists in the national economy?  If yes, the
        claimant is not disabled.   <u>See</u> 20 CFR 404.1505(a),
        404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply.   Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and</u>

2

Morgan

<u>Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "more than a mere scintilla[; i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . ." <u>Wright v. Massanari</u>, 321 F.3d 611, 614 (6th Cir. 2003) <u>(quoting Kirk v. Secretary of Health and Human Services</u>, 667 F.2d 524, 535 (6th Cir. 1981). It is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

Morgan

symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's

allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment. The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987). Further, a failure to seek treatment for a period of time may be a factor to be

4

Morgan

considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Morgan

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

On remand, the ALJ consolidated the case with a new DIB application filed by the plaintiff on June 14, 2002, considered some new evidence, and obtained new testimony from the plaintiff. Mr. Morgan was found to have "severe" impairments consisting of obesity, hypertension, chronic low back pain secondary to degenerative disc disease of the lumbar spine with a disc bulge at L4-5, depression, and anxiety. (Tr. 406). Nevertheless, the ALJ determined that the plaintiff retained the residual functional capacity to perform light level exertion, with occasional bending, stooping, crouching, crawling, climbing of ladders/ropes/scaffolds, occasional reaching overhead and exposure to industrial hazards or heights, and a "poor but not precluded" ability to perform complex job instructions. (Tr. 407). The ALJ in the present decision relied upon vocational expert (VE) testimony from a prior hearing in 2001 to conclude that a person of the plaintiff's age, education, and work experience with these restrictions could perform a significant number of jobs existing in the economy and, therefore, was not disabled. (Tr. 75-6).

7

Morgan

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The focus of the Court's concern in remanding the case in January, 2004 was that Mr. Morgan's treating family physician for many years, Dr. Anita Cornett, had prepared a medical report on March 15, 2001, diagnosing Mr. Morgan with lumbar disc disease with chronic pain, limbic dysfunction, and hypertension. (Tr. 336-7, 451). He was limited to less than full-time sitting and standing, lifting no more than five pounds occasionally, and never performing any postural activities, in addition to other restrictions. (Tr. 337-8, 452). Objective reasons given included a herniated disc at the L4-L5 level, a bulging disc at L5-S1, mild degenerative changes of the thoracic spine, lumbar disc disease, hyperreflexia at the knees, and being overweight at 260 pounds. (Tr. 336, 452). The Court noted that the reasons given for rejecting the treating physician's opinion were inadequate on a variety of grounds. (Tr. 452-3).

On remand, no additional physical examination was obtained, and the only review of the evidence, by non-examining state agency physicians, did not provide any reasons for a difference of opinion with the treating source. (Tr. 536-44, 565-71). Under the holding in Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994), this evidence is inadequate to overcome the opinion of the treating source. The ALJ declared that Dr. Cornett's assessment was not well supported by medically acceptable clinical and laboratory diagnostic techniques and was inconsistent with

8

other substantial evidence in the record. (Tr. 408). Specifically, the ALJ criticized

Dr. Cornett's report for stating that an MRI showed a herniated nucleus pulposus at

L4-5, but prior records did not show any actual MRI reports, only references to MRIs.

(Id.). Moreover, a physician in Dr. Cornett's practice had indicated in 1998 that a CT

scan and myelogram had shown no herniated discs, and only mild degenerative disc

disease. (Tr. 263). Apparently on this basis, the treating physician's opinion was

rejected as not well supported.

However, as the Court pointed out previously, the only other examiner's

evidence apart from Dr. Cornett from the relevant period after Mr. Morgan's current

application for benefits on July 6, 2000 (Tr. 92-4) regarding the plaintiff's physical

ability came from a consultative examination conducted by Dr. Jacob Agamasu in

January, 2001. (Tr. 307). Dr. Agamasu had been given no prior records to review,

and his most notable finding was depression. (Tr. 307-9). He declined to "comment

on the patient's ability to perform any form of activity in view of the persistent and

untreated severe depression that is noted during today's evaluation." (Id.).

As the Court noted in its 2004 Memorandum Opinion, the result of the MRI

was not critical to the outcome of the case. An individual without a herniated disc

may be restricted to less than full-time work, and an individual with a herniated disc

(if without nerve root impingement) may be capable of full-time work. The Court

emphasized that opinions of the non-examining state agency reviewers and of the

one-time examiner who had no records provided to assist him in his diagnosis fell

9

Morgan

"far short of supplying substantial evidence to overcome the opinion of the treating physician with access to a longitudinal patient history including extensive objective testing." (Tr. 453-4). Nothing was done to remedy this state of affairs on remand, other than obtaining additional non-responsive opinions from non-examining sources, and, therefore, under the circumstances of this case, the opinion of the treating physician is entitled to controlling weight.

In view of the agency's pointed failure to follow the guidelines of the previous remand order and the fact that Cornett's opinion remains not properly rebutted, no legitimate rationale would favor yet another remand of the case. An judgment and order awarding the plaintiff benefits will be entered simultaneously with this opinion.

This the ___23___ day of June, 2005.

G. WIX UNTHANK
SENIOR JUDGE

10